**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**WALTER HAYNES**                                                                                    **PLAINTIFF**

VS.                                            CASE NO. 5:12-CV-00388-KGB-HDY

**RAY HOBBS, ADC Director,
LARRY MAY, ADC Chief Deputy Director,
GORDON LAY, ADC Warden,
MARK WARNER, ADC Deputy Warden,
DONNA SHIELDS, DCC Institutional Release Officer,
JACQUELINE RANCIFER, DCC Institutional Release Officer,
AQUITE JONES, DCC Institutional Release Officer,
TREILL MONCRIEF, DCC Institutional Release Officer,
JOHN FELTS, Chair, Arkansas Board of Parole**                           **DEFENDANTS**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

The defendants in this civil rights case seek dismissal of the complaint. In reviewing a motion for dismissal for failure to state a claim, we follow the accepted rule that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). We also note that this action was filed *pro se*, and we hold such complaints "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Toombs v. Hicks*, 773 F.2d 995, 997 (8th Cir. 1985).

In his complaint, Mr. Haynes sues the defendants in both their official and individual capacities. He states that he was considered for parole on March 15, 2012, and was given a two-year denial at that time. He asserts that he was not "eligible" for a two year denial, and that he informed defendants Hobbs, May, Moncrief, Warner and Lay that the parole decision violated policy and statute. He also alleges that he informed defendants Rancifer, Shields, and Jones of the violation. He generally alleges that "all defendants . . . were informed of the laws on this issue [and] none made any moves to correct this matter". Docket entry no. 2, page 5. His specific assertion is that he was sentenced in 1997 for a crime that was committed in 1991. The parole error, according to Mr. Haynes, is that the 2 year denial was enacted in 1994 and should not apply to him since his offense occurred in 1991, prior to the enactment of the 2 year denial provision. For relief, Mr. Haynes seeks money damages of $35,000 from each defendant, compensation for lost wages, and a proper release date given to him using the "correct law". *Id.* at 6.

**Failure to State a Claim:** The defendants concede that the plaintiff's complaint alleges a violation of the Constitutional prohibition against the passage of an "ex post facto Law". Article I, § 10, United States Constitution. The assertion is that the statute in effect when Mr. Haynes committed his crime[1] in 1991 provided for an annual parole review, while a 1994 statute allowed for a two year denial of parole[2]. Mr. Haynes claims that his rights were violated in 2012 when his

---

[1] Mr. Haynes was convicted in 1997 for two counts of murder in the first degree and sentenced to 40 years on each conviction, with the sentences to run concurrently. Complaint, page 98.

[2] The defendants contend that the statute in effect in 1991 allowed the parole board the discretion to defer consideration for two years if they deemed this advisable. Since we find no claim has been stated upon which relief could be granted, we need not, and do not, address whether the 1991 statute mandated an annual review. We assume the statute did so, as alleged by the plaintiff.

parole was denied and it was deemed that he would be reviewed for parole again in two years.

To the extent that the plaintiff complains that he should have been granted parole, this allegation does not state a claim upon which relief may be granted, as there is no right to be released on parole prior to the completion of his sentence. *Greenholtz, et al. v. Inmates of Neb. Penal & Corr. Complex, et al.*, 442 U.S. 1 (1979).

To the extent that the plaintiff alleges that he is entitled to an annual parole hearing and this deprivation violated his constitutional rights under the *ex post facto* provision, this also does not state a claim upon which relief may be granted. We are guided by the United States Supreme Court, which considered the effect of a California amendment to its parole provisions which decreased the frequency of parole suitability hearings. The petitioner in that case, Mr. Morales, alleged that the amended process denied him an annual hearing, which was the process in effect when he committed his crime, and instead allowed the state to conduct as infrequently as every three years. The Supreme Court noted:

> Article I, § 10, of the Constitution prohibits the States from passing any "ex post facto Law." In *Collins v. Youngblood,* 497 U.S. 37, 41, 110 S.Ct. 2715, 2718, 111 L.Ed.2d 30 (1990), we reaffirmed that the *Ex Post Facto* Clause incorporated "a term of art with an established meaning at the time of the framing of the Constitution." In accordance with this original understanding, we have held that the Clause is aimed at laws that "retroactively alter the definition of crimes or increase the punishment for criminal acts." *Id.,* at 43, 110 S.Ct., at 2719 (citing *Calder v. Bull,* 3 U.S. (Dall.) 386, 391-392, 1 L.Ed. 648 1798) (opinion of Chase, J.); *Beazell v. Ohio,* 269 U.S. 167, 169-170, 46 S.Ct. 68, 68-69, 70 L.Ed. 216 (1925)).

*California Dept. of Corrections v. Morales,* 514 U.S. 499, 504-505 (1995). *See also Garner v. Jones*, 529 U.S. 244 (2000) (stressing that the amended process in *Morales* did not modify the statutory punishment for a crime, nor did it alter the standards for determining the initial date for

parole eligibility or the plaintiff's suitability for parole, nor did it change the basic structure of the state's parole law.)  The Court went on to hold that the California amendment to the parole process effected "no change in the definition of" the crime of Morales, nor did it have "any effect on any prisoner's actual term of imprisonment".  514 U.S. at 505, 513.

Our analysis must follow the *Morales* rationale.  As a result, if we assume the amendment of the Arkansas parole hearing provisions as alleged by Mr. Haynes, the question is whether such an amendment changed the definition of his crimes (murder) or increased the punishment for the crimes.  Mr. Haynes does not plead or prove either of these propositions.  As a result, we recommend dismissal of the complaint for failure to state a claim upon which relief may be granted.

Even if the complaint contained allegations which stated a claim in a general sense, it is not clear that the plaintiff states a claim against the specific defendants named in the suit.  With the exception of defendant Felts, the Chair of the Parole Board, the other named defendants are employees of the Arkansas Department of Correction (ADC) or the Department of Community Correction (DCC).  It appears that the plaintiff sued these individuals solely because of their employment status, and there is no proof that these individuals have any authority to make or change decisions regarding parole.  With regard to defendant Felts, he would be entitled to immunity regarding the parole decision rendered within the scope of his employment.  *Mayorga v. Missouri*, 442 F.3d 1128 (8th Cir. 2006).

**Plaintiff's Motion for Default Judgment:** The plaintiff's motion for default judgment (docket entry no. 19) should be denied.  Service of process was returned executed on January 7, 2013, and the defendants filed their motion to dismiss on Monday, January 28, 2013.  This

response was a timely one under the pertinent rules. Fed.R.Civ.P. 12(a)(1)(A)(i).

**Conclusion:** We recommend that the plaintiff's motion for default judgment be denied, and the defendants' motion to dismiss the complaint be granted, and the case dismissed[3].

IT IS SO ORDERED this __28__ day of March, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3]This Finding and Recommendation renders the other pending motions moot.